IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

DANIEL TUCKER
ADC #154599                                                                                    PLAINTIFF

v.                                    2:25-cv-00124-BSM-JJV

PHILLIPS COUNTY DETENTION CENTER                                     DEFENDANT

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

I.       SCREENING

Daniel Tucker ("Plaintiff"), who is in custody as the Phillips County Detention Center, has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes *pro se* pleadings liberally. *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015). But "labels and conclusions,"

"formulaic recitation[s] of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

## II.    ALLEGATIONS

Plaintiff says the Health Insurance Portability and Accountability Act ("HIPPA") is being violated because his sick call request forms are collected by jailers, and during sick call appointments, medical staff discusses his medical issues with him in the presence of jailers. (Doc. 2.) Although this understandably makes Plaintiff uncomfortable, it is well settled that "HIPPA does not create a private right of action as an underlying basis for a civil suit." *Trone Health Servs., Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 851 (8th Cir. 2020); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010). And the only named defendant is the Phillips Count Detention Center, which is not a proper party in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003); *Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008).

## III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that;

1.    The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.    The Court recommend that, in the future, dismissal of this action count as a strike under 28 U.S.C. § 1915(g).

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not

be taken in good faith.

    DATED this 26th day of June 2025.

                                          _____
                                          JOE J. VOLPE
                                          UNITED STATES MAGISTRATE JUDGE